The STATE of Ohio, Appellee,

v.

BORCHERS, Appellant.

[Cite as *State v. Borchers* (1995), 101 Ohio App.3d 157.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 14560.

Decided Feb. 10, 1995.

*Mathias H. Heck, Jr.*, Montgomery County Prosecuting Attorney, and *M. Catherine Koontz*, Assistant Prosecuting Attorney, for appellee.

*Dan D. Weiner*, for appellant.

GRADY, Judge.

Defendant Brian Borchers appeals from his conviction and sentence for involuntary manslaughter, aggravated robbery, and felonious assault, which were entered on his guilty pleas.

On March 23, 1994, as a result of plea negotiations with the prosecutor, Borchers was charged by bill of information with involuntary manslaughter, R.C. 2903.04(A); aggravated robbery, R.C. 2911.01(A)(1); and felonious assault, R.C. 2903.11(A)(2). These charges arose out of Borchers's and a codefendant's involvement in a robbery and shooting at a bar. Pursuant to the plea bargain, Borchers agreed to testify against his codefendant, the shooter in this case, and Borchers entered guilty pleas to all three charges contained in the bill of information. The trial court subsequently sentenced Borchers in accordance with law.

Borchers has timely appealed to this court, alleging that his guilty pleas were involuntary because at the time he entered them his understanding of the events involved in his plea were impaired by a prescription drug, lithium. The trial record fails to support Borchers's claim that his guilty pleas were involuntary. Furthermore, there is nothing in the record which suggests that Borchers's pleas

were not knowing, intelligent, and voluntary. Accordingly, we affirm the judgment of the trial court.

The first assignment of error states:

"Appellant's plea on March 23, 1994 was involuntary."

■ The record demonstrates that neither the defense, the prosecution, nor the trial court, before or at the time of the guilty plea proceedings, raised any issue as to Borchers's competence to stand trial. Accordingly, there was no obligation on the part of the court to hold a hearing on that issue. *State v. Bekesz* (1991), 75 Ohio App.3d 436, 599 N.E.2d 803; R.C. 2945.37(A). Furthermore, R.C. 2945.37(A) provides in part as follows:

"A defendant is presumed competent to stand trial, unless it is proved by a preponderance of the evidence in a hearing under this section that because of his present mental condition he is incapable of understanding the nature and objective of the proceedings against him or of presently assisting in his defense."

■ In examining the record we fail to find any indicia of incompetency. The record of the plea colloquy demonstrates that Borchers's guilty pleas were the product of a plea bargain with the prosecution whereby Borchers agreed to cooperate with authorities and testify against his codefendant, the shooter in this case. Borchers and his attorney had discussed the plea agreement six or seven times over the past month, including just prior to Borchers's coming into court to enter his guilty pleas. Despite the fact that on March 23, 1994, Borchers had attended his father's funeral, Borchers clearly expressed his desire to proceed with the entry of his guilty pleas that day.

Borchers stated at the plea hearing that he knew no reason why he might be unable to understand his rights as explained to him by the court. Borchers understood and waived his right to indictment by the grand jury and one-day service of the indictment. Borchers stated that his guilty pleas were being entered voluntarily and that he understood the effect of his pleas. Borchers acknowledged that he understood the nature of the charges, having discussed the elements and possible defenses with his attorney. Borchers further indicated he understood the possible penalties for each offense, and that he was not eligible for probation. Borchers expressly acknowledged his understanding of the various constitutional rights he was giving up by pleading guilty. Last, Borchers indicated that he had no questions about anything discussed during the plea colloquy.

In support of his claim that his pleas were involuntary, Borchers states that at the time of the plea hearing he was taking lithium for depression. On this issue the record demonstrates the following:

"THE COURT: Do you have any mental or physical handicap or condition?

"DEFENDANT BORCHERS: Well, I had a period of depression, which is on record.

"THE COURT: How long ago was that?

"DEFENDANT BORCHERS: Approximately two to three years ago.

"THE COURT: All right. Anything about the effects of that condition that would affect your ability to understand what is going on here in court today?

"DEFENDANT BORCHERS: No, sir.

"THE COURT: All right. Have you taken drugs or used any medication in the last 24 hours?

"DEFENDANT BORCHERS: I am taking lithium. No drugs, no, sir.

"THE COURT: Lithium is by prescription medication?

"DEFENDANT BORCHERS: Yes.

"THE COURT: Is there anything about the effects of that medication that would affect your ability to understand what is going on here today?

"DEFENDANT BORCHERS: No, sir."

A trial court cannot find a defendant incompetent to stand trial solely because he is receiving prescription medication for some mental condition such as depression. R.C. 2945.37(A). A defendant may be emotionally disturbed or even mentally ill, and yet competent to stand trial. *State v. Bock* (1986), 28 Ohio St.3d 108, 28 OBR 207, 502 N.E.2d 1016; *State v. Swift* (1993), 86 Ohio App.3d 407, 621 N.E.2d 513. Borchers's answers and demeanor during the plea colloquy with the trial court refute his claim that his mental condition was such that he did not understand the nature of those proceedings.

Borchers further argues that his incompetency is reflected in the fact that at times during the plea hearing Borchers exhibited confusion and a lack of understanding. Once again the record refutes Borchers's claims:

"You are here, Mr. Borchers, on a bill of information which has been stated by the prosecution, which is a little different procedure used than most individuals facing criminal charges in this court. ·

"The Constitution of Ohio provides you with a right to have these charges reviewed and determined by a grand jury, which is a body of nine citizens, seven of whom must agree that there is enough evidence to hold you to answer to these charges.

"You can waive this right and allow the charge to be brought by the prosecutor's bill of information, which is a document prepared by the prosecuting attorney['s] office. Do you understand?

"DEFENDANT BORCHERS: No. Maybe he could explain. I don't really understand.

"THE COURT: Do you want to take time and explain that to your client?

"MR. MURRY: Right. It wouldn't be an indictment out of the grand jury, I told you.

"DEFENDANT BORCHERS: Okay.

"MR. MURRY: That's how a bill of information is different. That is what His Honor explained to you.

"DEFENDANT BORCHERS: Okay.

"MR. MURRY: The case will not be reviewed by the grand jury. There won't be any other charges brought against you.

"DEFENDANT BORCHERS: Okay. I understand.

"THE COURT: Do you understand?

"DEFENDANT BORCHERS: Yes.

"THE COURT: All right. So, is it your agreement and request then that your right to have this matter reviewed by a grand jury be waived, that is, given up and rejected, and do you agree to have the charge brought by a prosecutor's bill of information?

"DEFENDANT BORCHERS: Yes.

"* * *

"[THE COURT:] Mr. Borchers, you should understand that the guilty pleas that you are going to make to the charges in this Bill of Information must be a voluntary act on you part, that is, a product of your own free will. So, I will ask you has anyone threatened you or applied any force, duress or coercion against you to get you to make these guilty pleas?

"DEFENDANT BORCHERS: No, sir.

"THE COURT: Has anyone promised you anything other than the plea agreement which was stated into the record by the prosecutor and confirmed by your counsel in order to get you to make this plea?

"DEFENDANT BORCHERS: No, sir.

"THE COURT: Is the plea of guilty a product of your own free will?

"DEFENDANT BORCHERS: That is correct.

"THE COURT: The Court will make a finding the plea is voluntarily made.

" * * *

"THE COURT: And you lose the right to subpoena witnesses to come and testify in your favor at trial. Do you understand?

"DEFENDANT BORCHERS: Not exactly.

"THE COURT: A subpoena is a court order that commands a witness's appearance in court, which is issued by the Court upon request of one or the other party.

"DEFENDANT BORCHERS: Does it mean someone can't come in and speak on my behalf?

"THE COURT: You can command that to occur.

"DEFENDANT BORCHERS: But someone can come in?

"THE COURT: You lose that right. If you plead guilty, you lose that right.

"DEFENDANT BORCHERS: I don't understand.

"MR. MURRY: The first thing the judge told you was if you plead today, Brian, there is not going to be a trial about this.

"DEFENDANT BORCHERS: I understand.

"MR. MURRY: Also, as part of the trial, we would have a right to subpoena witnesses to come in and testify what they know about the case. Since we are not going to have a trial if you plead, then there won't be any witnesses coming in to testify about the case.

"Now, His Honor is not saying like your mom or people can't write letters for you about what is the proper sentence. He is saying there will be nobody coming in to testify about the case because there is not going to be a trial. That's the right you are giving up.

"DEFENDANT BORCHERS: All right. I understand.

"THE COURT: Do you understand?

"DEFENDANT BORCHERS: I understand."

■ Although Borchers initially expressed a lack of understanding regarding his right to compulsory process and how a bill of information differs from an indictment, following an explanation of those matters Borchers clearly indicated that he understood them. Examination of the record of this plea hearing demonstrates that Borchers did understand the nature of these proceedings and the rights he was giving up by pleading guilty. There is simply nothing in this record which suggests that Borchers's guilty pleas were the product of any form of coercion, or that he was not mentally competent to enter those pleas.

The first assignment of error is overruled.

The second assignment of error states:

"The trial court failed to properly advise appellant of his appeal rights."

■ In this assignment of error Borchers complains that he was not advised of his right to appeal in accordance with Crim.R. 32, specifically that documents needed for his appeal would be provided without cost if he is unable to pay for them.

Crim.R. 32(A)(2) provides:

"(2) Notification of right to appeal. After imposing sentence in a serious offense that has gone to trial on a plea of not guilty, the court shall advise the defendant of all of the following:

"(a) That the defendant has a right to appeal;

"(b) That if the defendant is unable to pay the cost of an appeal, the defendant has the right to appeal without payment;

"(c) That if the defendant is unable to obtain counsel for an appeal, counsel will be appointed without cost;

"(d) That if the defendant is unable to pay the costs of documents necessary to an appeal, the documents will be provided without cost;

"(e) That the defendant has a right to have a notice of appeal timely filed on his or her behalf.

"Upon defendant's request, the court shall forthwith appoint counsel for appeal."

After imposing sentence upon Borchers the trial court stated:

"If you wish to appeal the judgment and sentence of the court, you must do so within 30 days of today's date by the filing of a notice of appeal. Counsel will be provided, if you need that."

Borchers readily acknowledges that he was provided, free of charge, an attorney and a transcript of the trial court proceedings for the purpose of prosecuting this appeal. Accordingly, Borchers concedes that he has suffered no prejudice resulting from any defect in the trial court's explanation of Borchers's appellate rights. We agree.

This issue concerns a practice unique to this appellate district, which is to advise a criminal defendant who has been convicted on a plea of guilty or no contest that he or she has a right of appeal. That advice is not required by Crim.R. 32(A)(2), which is expressly limited to convictions after trial on a defendant's plea of not guilty. It does not have a constitutional basis. A trial

court may, of course, give the advice if it wishes. The practice appears to produce a significant number of appeals, and in almost every case no reversible error is found.

This assignment of error is overruled. The judgment of the trial court will be affirmed.

*Judgment affirmed.*

BROGAN, P.J., and WOLFF, J., concur.