OPINION
This appeal is before the court on the merits. Sells is appealing from a conviction and sentence, upon a guilty plea, for Complicity to Commit Felony Vandalism, entered in 1986. Because Sells contended that he was not advised by the trial court or by counsel of his right to appeal, we granted his motion for a delayed appeal. Although this appeal was dismissed for want of prosecution, it was subsequently reopened.
Sells's attorney has filed a brief pursuant to Anders v.California (1967), 386 U.S. 738, indicating that he could not find any plausible claims of error. By entry of this court dated January 8, 1999, Sells was given sixty days within which to file his own pro se brief, but has not done so.
Sells's appellate counsel discusses, in his Anders brief, a possible claim of ineffective assistance of trial counsel, upon the ground that trial counsel was also counsel for the village that owned the property, a police cruiser, that was vandalized. However, we agree with Sells's appellate counsel that this cannot be the basis for a direct appeal because it is not apparent in the record of this case.
The only other possible claim of error that Sells's appellate counsel can think of, which is also echoed by Sells in his motion for a delayed appeal, is that the trial court did not advise him, upon taking his plea and sentencing him, of his right to appeal. Such advice is not required. State v. Borchers (1995), 101 Ohio App.3d 157. Furthermore, as Sells's appellate counsel notes, any prejudice resulting from that failure was cured when we granted his motion for a delayed appeal.
We have reviewed the entire record, including the transcripts of the plea hearing and the sentencing hearing, and we agree with Sells's appellate counsel that there are no plausible claims of error appearing from this record. Accordingly, the judgment of the trial court is Affirmed.
GRADY, P.J., WOLFF and FAIN, JJ., concur.