OPINION
Defendant-appellant, Brian R. Mann, appeals a decision of the Clermont County Court of Common Pleas dismissing his petition for postconviction relief without an evidentiary hearing. We affirm.
Appellant was indicted on June 11, 1997, on a charge of aggravated murder with a firearm specification. On October 20, 1997, appellant entered a guilty plea to an amended charge of murder without the specification. At the plea hearing, the trial court inquired as to whether appellant was satisfied with the representation he had received, determined that appellant understood the charges and the mandatory sentence (fifteen years to life) and informed appellant of the rights he would be waiving by pleading guilty. The trial court determined that appellant's plea was voluntary and knowingly made.
After accepting appellant's plea, the trial court found appellant guilty and he was sentenced immediately after expressly waiving a presentence investigation. Appellant was sentenced to fifteen years to life, the statutorily prescribed sentence for murder pursuant to R.C. 2903.02.
No direct appeal was taken from this conviction. On February 23, 1998, appellant filed a petition for postconviction relief pursuant to R.C. 2953.21. The petition contained two related claims. Appellant claimed that he was under the influence of "three different types of psychotropic drugs" and could not fully comprehend the consequences of his guilty plea. Appellant also claimed that his counsel was ineffective because counsel did not consult a "physician or psychologist as a safeguard to make sure that [appellant] was competent enough to fully understand the consequences of his guilty plea." Appellant alleged that counsel had a heightened duty to conduct such an investigation because appellant had previously "been found mentally incompetent by the Butler County Common Pleas Court in 1995 on a felony theft offense and sent to a facility for mental patients."
On August 4, 1998, the trial court denied appellant's motion without an evidentiary hearing. The court found that appellant had failed to present evidentiary documents, apart from his own assertions, that would indicate that any medication he was taking prevented him from understanding the consequences of his guilty plea, or that appellant had received ineffective assistance of counsel in connection with his plea.
Although not denominated as assignments of error, appellant's brief raises three related "issues" for our review which we will consider as assigments of error. Appellant claims that his guilty plea was not voluntary or made with an understanding of the nature of the charge because of the prescription medication he was taking, and that his counsel was ineffective because he did not consult a doctor to ensure that appellant was competent to enter his plea. Appellant also argues that the trial court should not have denied his petition without an evidentiary hearing.
We first set forth the applicable law on postconviction relief. R.C. 2953.21 provides in pertinent part:
 (A)(1) Any person convicted of a criminal offense * * * who claims that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
A petitioner is not automatically entitled to an evidentiary hearing upon filing a petition for postconviction relief. Statev. Jackson (1980), 64 Ohio St.2d 107, 110. In determining whether a hearing is warranted, a petitioner bears the initial burden to provide evidence containing sufficient operative facts to demonstrate a cognizable claim of constitutional error. State v.Kapper (1983), 5 Ohio St.3d 36.
A petition for postconviction relief may be dismissed without an evidentiary hearing when the claims raised are barred by the doctrine of res judicata. State v. Perry (1967), 10 Ohio St.2d 175. Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except on appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at trial or on appeal. Id. An exception to the doctrine of resjudicata may apply where the petitioner presents competent, relevant, and material evidence dehors the record that was not in existence and available to the petitioner in time to support the direct appeal. State v. Lawson (1995), 103 Ohio App.3d 307, 315. The evidence must be relevant and must materially advance a petitioner's claim that there has been a denial or infringement of his or her constitutional rights. Id.
When arguing ineffective assistance of counsel, an appellant "bears the initial burden in a post-conviction proceeding to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and also that the defense was prejudiced by counsel's ineffectiveness." Jackson,64 Ohio St. 3d at 111. Res judicata cannot act as a bar to a claim of ineffective assistance unless the defendant is represented by new counsel on appeal because counsel cannot be expected to raise his own incompetence. State v. Lentz (1994), 70 Ohio St.3d 527,529-30.
Appellant first claims that he was incompetent to enter a guilty plea because he was taking prescription medication at the time he entered his plea. He states that he has tried to obtain his medical records without success. Appellant also states that he "couldn't fully comprehend the consequences of his guilty plea."
In a criminal case, a plea must be made "knowingly, intelligently, and voluntarily." State v. Engle (1996), 74 Ohio St.3d 525,527. Failure on any of these points "renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." Id. A determination of whether a plea is knowing, intelligent, and voluntary is based upon a review of the record. State v. Spates
(1992), 64 Ohio St.3d 269, 272.
Crim.R. 11(C) sets forth the procedure a trial judge must follow when accepting a guilty plea to a felony offense. Subsection (C)(2) requires the judge to address the defendant personally and to determine that the defendant is entering his plea voluntarily, with an understanding of the nature of the charge and the maximum penalty involved and, if applicable, that he is not eligible for probation.
The trial judge conducted a lengthy and complete Crim.R. 11 examination of appellant. He specifically inquired as to whether appellant had ever been found mentally incompetent or was under the influence of drugs as follows:
 The Court: Are you now or have you ever been adjudged mentally incompetent?
The Defendant: Yes, sir.
 The Court: You have been found to be incompetent by the Court?
The Defendant: No, sir.
 The Court: Are you now under the influence of alcohol or any drug?
The Defendant: No, sir.
 The Court: Before coming here to court today or within the past 12 hours, have you consumed any alcohol or any drug, even a prescription drug?
The Defendant: A prescription drug.
The Court: What would that be,
The Defendant: Paxil, Tegretol, Sinequan.
The Court: What do they do?
The Defendant: Antidepressants.
 The Court: Are they affecting you in any way in terms of your understanding of everything here today?
The Defendant: No, sir.
 The Court: Mr. Kelly, you have spoken with Mr. Mann, is he able to proceed today?
 Mr. Kelly: He has been able to communicate to us, Your Honor. I don't see the prescription medication has affected him adversely.
From our review of the entire plea hearing, including the above exchange, we find that the trial court satisfied Crim.R. 11 requirements. The trial court found that the plea was "knowingly, intelligently and voluntarily made." This finding was fully supported by the record. It is undisputed that appellant informed the court that he was taking three prescription medications and that they were antidepressants. Appellant specifically stated during the plea hearing that he had not previously been found incompetent by a court. Although appellant claims in his petition for postconviction relief that he had in fact been found incompetent in another court in 1995, he provides no evidentiary support for that claim. The record further reflects that appellant was asked a detailed series of questions concerning his understanding of the charge and of the consequences of his plea, appellant answered all such questions clearly and never indicated that he did not understand the questions. Appellant also indicated that he fully understood the rights he was waiving by his plea.
In State v. Borchers (1984), 101 Ohio App.3d 157, the reviewing court determined that the trial court did not err by accepting a defendant's guilty plea when the defendant was on the prescription drug Lithium for depression where the record was devoid of any indicia of incompetency. Similarly, in State v.McCoy (Mar. 2, 1998), Clermont App. No. CA97-03-027, unreported, this court found that, even though the appellant was on prescription medication, there was no indication that the medication interfered with his ability to make a knowing, intelligent, and voluntary plea. The record here also demonstrates no evidence of incompetence. Finally, appellant could have raised this claim in a direct appeal of his conviction and did not; therefore, this claim could be dismissed on resjudicata grounds as well as on its merits. Accordingly, the trial court properly denied this aspect of appellant's claim for postconviction relief.
Appellant next contends that his trial counsel provided ineffective assistance. Appellant asserts that trial counsel failed to ensure that appellant's plea was knowing and voluntary and failed to request a hearing to determine whether appellant was competent to enter a plea.
To demonstrate ineffective assistance of counsel, appellant must satisfy a two-prong test: (1) that counsel's representation fell below an objective standard of reasonableness; and (2) show that counsel's actions prejudiced appellant at trial. Stricklandv. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052. In the context of a guilty plea, a defendant must first show that counsel's performance was deficient, and "second, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty." State v. Xis
(1992), 62 Ohio St.3d 521.
As we have found above, the record does not support appellant's claim that he was incompetent to enter a plea and appellant did not submit any operative facts to demonstrate counsel's ineffectiveness or any resultant prejudice. Significantly, although appellant now claims that he had previously been found incompetent in a 1995 theft proceeding, he does not claim that his attorney knew of this alleged finding. Moreover, appellant's attorney specifically informed the court that appellant had been able to communicate with him and had not been adversely affected by his prescription medications. Appellant has failed to show any probability, much less a reasonable probability, that but for his counsel's alleged errors, he would not have pleaded guilty. Under these circumstances, appellant has presented insufficient operative facts to demonstrate ineffectiveness and this aspect of appellant's motion for postconviction relief was also correctly dismissed.
Finally, appellant claims that the trial court should have held an evidentiary hearing on his claims. The defendant carries the burden of presenting sufficient evidence regarding postconviction claims. State v. Aldridge (1997), 120 Ohio App.3d 122,136. The Ohio Supreme Court has held that a trial court can dismiss a petition for postconviction relief without hearing when the record, "including the dialogue conducted between the court and the defendant pursuant to Crim.R. 11, indicates that the petitioner is not entitled to relief and that the petitioner failed to submit evidentiary documents containing sufficient operative facts to demonstrate that the guilty plea was [not voluntary]." State v. Kapper (1983), 5 Ohio St.3d 36, 38. Similarly, when arguing ineffective assistance of counsel, a petitioner "bears the initial burden * * * to submit evidentiary documents containing sufficient operative facts to demonstrate [ineffective assistance of counsel]." State v. Jackson (1980),64 Ohio St.2d 107, 111. Furthermore, even if the evidence presented passes the "minimum threshold of showing a constitutional claim that could not have been raised on direct appeal, the court may still deny a hearing if it finds based on all the files and records, there are no substantive grounds for relief." State v.Combs (1994), 100 Ohio App.3d 90, 98.
Appellant did not present evidentiary documents containing sufficient operative facts to demonstrate either of his claims. Additionally, our review of the files and records of the case, including the plea hearing, reveals no substantive grounds for relief; therefore, the trial court correctly dismissed appellant's petition for postconviction relief without a hearing. The assignments of error are overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.