JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Frankie Robinson, appeals the trial court's acceptance of his guilty plea.
 {¶ 2} In Case No. CR-466597, Robinson was charged with one count of aggravated murder, stemming from a bar fight that Robinson acknowledged "got out of hand," with a three-year firearm specification, notice of prior conviction specification, and repeat violent offender specification; one count of tampering with evidence; and one count of having a weapon while under disability.
 {¶ 3} In Case No. CR-467129, Robinson was charged with one count of possession of drugs, with a one-year firearm specification; one count of drug trafficking, with a one-year firearm specification; one count of possessing criminal tools; one count of carrying a concealed weapon; and two counts of having a weapon while under disability.
 {¶ 4} At a plea hearing, after extensive negotiations between the prosecutor and defense counsel, the indictment in Case No. CR-466597 was amended, and Robinson pled guilty to voluntary manslaughter with a three-year firearm specification, tampering with evidence, and having a weapon while under disability. He pled guilty to the indictment as charged in Case No. CR-467129. The court accepted Robinson's guilty pleas, found him guilty, and imposed the agreed upon sentence of 23 years in Case No. CR-466597. In Case No. CR-467129, the *Page 3 
trial court sentenced Robinson to concurrent sentences to run concurrent with Case No. CR-466597, as per the plea agreement.
 {¶ 5} Robinson now appeals, arguing that his pleas were not knowingly, voluntarily and intelligently made, because the trial court failed to: 1) inform him that, under R.C. 2953.08(D),[1] he would be waiving his right to appeal his sentence; 2) adequately advise him that he would be subject to postrelease control sanctions after his release from prison; and 3) inform him of the maximum sentence he faced in Case No. CR-467129. We affirm.
 {¶ 6} Because Robinson failed to challenge his guilty plea in the trial court, we review only for plain error or defects affecting substantial rights, recognizing that the plain error doctrine should be invoked by an appellate court only in exceptional circumstances to prevent a miscarriage of justice. Crim.R. 52(B); State v. Carmen, (Nov. 18, 1999), Cuyahoga App. No. 75377; State v. Tisdale (Dec. 17, 1998), Cuyahoga App. No. 74331; State v. Leon (Mar. 12, 1998), Cuyahoga App. No. 72407; State v. Cooperrider (1983), 4 Ohio St.3d 226, 227.
 {¶ 7} Under Crim.R. 11, the trial court must inform felony defendants of various constitutional and nonconstitutional rights prior to accepting a guilty plea. This requirement "ensures that defendants enter pleas with knowledge of rights that *Page 4 
they would forgo and creates a record by which appellate courts can determine whether pleas are entered knowingly, intelligently, and voluntarily. State v. Griggs, 103 Ohio St.3d 85, 2004-Ohio-4415, at ¶ 11.
 {¶ 8} With respect to constitutionally protected rights, a trial court's acceptance of a guilty plea will be affirmed if the trial court engaged in meaningful dialogue with the defendant which, in substance, explained the pertinent constitutional rights "in a manner reasonably intelligible to that defendant." State v. Ballard (1981),66 Ohio St.2d 473, 479-480.
 {¶ 9} Under the broader standard for rights not protected by the constitution, substantial compliance with Crim.R. 11(C) is sufficient.State v. Nero (1990), 56 Ohio St.3d 106. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Id., at 108, citing State v. Stewart (1977), 51 Ohio St.2d 86. "[I]f it appears from the record that the defendant appreciated the effect of his plea and his waiver of rights in spite of the trial court's error, there is still substantial compliance." State v. Caplinger (1995),105 Ohio App.3d 567, 572, citing Nero, supra at 108-109.
 {¶ 10} An inquiry into the voluntariness of a plea does not end with the determination as to whether the trial judge complied with Crim.R. 11(C). "[A] defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. * * * The test is *Page 5 
whether the plea would have otherwise been made." Nero, supra at 108, citing Stewart, supra at 93.
 {¶ 11} Our review of the record indicates that Robinson understood the implications of his plea and the rights he was waiving by pleading guilty. Additionally, he has failed to demonstrate that he relied on the trial court's alleged errors in entering his pleas. Therefore, we find no miscarriage of justice or exceptional circumstances sufficient to invoke the plain error doctrine in this case.
 {¶ 12} The record reflects that at the plea hearing, the prosecutor reviewed the plea agreement for Case No. CR-466597 and Case No. CR-467129. Defense counsel then stated that Robinson had been advised of the possible penalties involved as to the indictment as charged and amended, and of the agreed upon sentence in both cases, and that he wished to change his plea in light of the plea agreement.
 {¶ 13} The court then questioned Robinson extensively as to his understanding of the rights he was waiving by pleading guilty, and Robinson acknowledged that he understood those rights. Robinson further acknowledged that he understood that he would be sentenced to 23 years incarceration and subject to postrelease control after prison. When the trial court asked Robinson if there was "anything about these cases or these proceedings that you do not understand or that you would like more fully explained," Robinson responded, "no, sir." In light of this record, Robinson's arguments regarding the trial court's alleged failings are unavailing. *Page 6 
 {¶ 14} First, a trial court is not required to advise a defendant of the R.C. 2953.08(D) bar to appellate review before it imposes a jointly recommended sentence that falls within the statutory range of available sentences. State v. Atchley, Franklin App. No. 04AP-841, 2005-Ohio-1124, at ¶ 10, citing State v. Lentz, Miami App. No. 01CA31, 2003-Ohio-911, at ¶ 16. Likewise, the record indicates that the trial court substantially complied with Crim.R. 11 `s command to advise Robinson of the maximum penalty to which he was exposed as a result of his plea. The record reflects that the trial court personally addressed Robinson and advised him that he would be subject to postrelease control upon his release from prison, and that Robinson acknowledged his understanding of the postrelease control consequences of his plea. The record further reflects that Robinson understood that any sentence in Case No. CR-467129 would run concurrent to the 23 years he would serve on Case No. CR-466597. Thus, under the totality of the circumstances, Robinson understood the maximum penalty involved and the effect of his plea in Case No. CR-467129.
 {¶ 15} More significantly, however, Robinson has failed to demonstrate any prejudice. In his brief on appeal, he makes no argument whatsoever that his "plea would not otherwise have been made" but for the trial court's alleged errors. There is no allegation that any of the trial court's alleged errors induced him to enter his plea, presumably because, on the facts of this case, any such assertion is preposterous. It defies logic to believe that a defendant who agrees to serve 23 *Page 7 
years in prison would not have pled guilty if he had been told that he would be subject to postrelease control after those 23 years. Likewise, because the judge sentenced Robinson, as agreed, to concurrent sentences in Case No. CR-467129, to be served concurrent with his 23 years sentence in Case No. CR-466597, Robinson essentially received no time for his guilty plea in Case No. CR-467129. Thus, any argument that he was prejudiced by the trial court's alleged failure to tell him the maximum penalty involved in that case again defies logic.
 {¶ 16} Perhaps most significantly, however, Robinson never filed a Crim.R. 32.1 motion to withdraw his plea in the trial court, and waited nearly one year from sentencing to file this delayed appeal.
 {¶ 17} In the context of a Crim.R. 32.1 motion to withdraw a guilty plea, "an `undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion.'" State v. Bush,96 Ohio St.3d 235, 2002-Ohio-3993, at ¶ 14, quoting State v. Smith,49 Ohio St.2d 261, paragraph three of the syllabus. See, also, State v.Francis, 104 Ohio St.3d 490, 2004-Ohio-6894, at ¶ 42 ("Depending on the particular facts, untimeliness will sometimes be an important factor in reaching a decision on a motion to withdraw" a guilty plea).
 {¶ 18} We see no reason not to apply the same reasoning here. A claim of prejudice would be more compelling if Robinson had immediately filed a motion to *Page 8 
withdraw his plea or filed a timely appeal. His failure to do so, and his failure to explain the reason for the year-long delay between his guilty plea and the filing of his appeal, suggests that Robinson's arguments are "based on nothing more than the kind of slavish adherence to technicality with Crim.R. 11 that has been repeatedly rejected by the courts." State v. Cvijetinovic, Cuyahoga App. No. 81534, 2003-Ohio-563, at ¶ 7.
 {¶ 19} Appellant's first, second, and third assignments of error are overruled.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J., and FRANK D. CELEBREZZE, JR., J., CONCUR
[1] R.C. 2953.08(D) states: "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." *Page 1