[Cite as *State v. Lowe*, 2017-Ohio-27.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2016-CA-18 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 15-CR-572 |
| v. | : | |
| | : | (Criminal Appeal from |
| DALE LOWE | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 6th day of January, 2017

. . . . . . . . . .

MEGAN M. FARLEY, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio   45502
        Attorney for Plaintiff-Appellee

J. ALLEN WILMES, 7821 N. Dixie Drive, Dayton, OH   45414
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

    **{¶ 1}** Dale Lowe appeals his sentence for receiving stolen property. Finding no error, we affirm.

{¶ 2} Lowe was indicted in November 2015 on one count of receiving stolen property, a fifth-degree felony. He eventually pleaded guilty to the charge, admitting that he received a diamond brooch valued at $2,640 that he knew was stolen and sold it to a jeweler. The brooch and several other items were stolen from a home where Lowe worked for a year and a half on a remodeling project. According to the presentence investigation report (PSI), Lowe admitted that he stole items from the home and sold them to jewelers and pawn shops.

{¶ 3} At the sentencing hearing, defense counsel told the court that Lowe has an admitted addiction to cocaine. Lowe apologized to the court and to the homeowners, and he told the court that he intended to make restitution. One of the homeowners also spoke. She told the court that during the year and a half that Lowe worked in her home she grew to care for and trust him. The homeowner mentioned that one of the stolen items was a pen that was given to her by her deceased father and that she cannot get the pen back. The trial court noted that Lowe has served five previous prison terms for arson, burglary, complicity to burglary, tampering with evidence, and complicity to illegal conveyance of drugs. The PSI shows that Lowe also received one year of probation for unauthorized use of a motor vehicle and that he has six prior juvenile convictions.

{¶ 4} The trial court sentenced Lowe to the maximum sentence of 12 months in prison and ordered that he pay restitution of $6,319.

{¶ 5} Lowe timely appealed.

{¶ 6} The sole assignment of error challenges the length of the sentence. Lowe argues that the record does not support the sentencing court's findings. Under R.C.

2953.08(G), "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

{¶ 7} Lowe says that at the sentencing hearing the trial court did not refer to any sentencing statutes and did not make any statutory findings. He does not cite any particular statute, but Lowe appears to be referring to R.C. 2929.11, concerning the principles and purposes of felony sentencing, and R.C. 2929.12, concerning seriousness and recidivism factors to be considered in felony sentencing. Although the court did not specifically cite either statute during the sentencing hearing, the judgment entry states that "[t]he Court considered the record, oral statements of counsel, the defendant's statement, and the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and then balanced the seriousness and recidivism factors under Ohio Revised Code Section 2929.12." As we have said, "[a] trial court speaks through its journal entries, and [the defendant]'s sentence is not contrary to law merely because the trial court failed to cite either statute during the sentencing hearing." (Citation omitted.) *State v. Leopard*, 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 44 (2d Dist.).

{¶ 8} Lowe notes that an appellate court must ensure that a prison sentence is consistent with the policy expressed in R.C. 2929.13(B) for low-level felons. As the trial court said in its judgment entry, because Lowe has previously served several prison terms, this statute gives the court discretion to impose a prison sentence. *See* R.C. 2929.13(B)(1)(b)(x).

{¶ 9} Lowe points out that the trial court did not advise him of his right to appeal.

Crim.R. 32(B)(2) states that after imposing sentence in a serious offense the court must advise the defendant of his right, where applicable, to appeal or seek leave to appeal the sentence. We note that "[w]here a defendant has been convicted following a guilty or no contest plea, the court is not constitutionally required to advise the defendant of his appeal rights." *State v. Houston*, 6th Dist. Erie No. E-03-059, 2004-Ohio-6462, ¶ 8, citing *State v. Borchers*, 101 Ohio App.3d 157, 164-165, 655 N.E.2d 225 (2d Dist.1995). Regardless, this issue is moot because Lowe timely filed his notice of appeal.

{¶ 10} Lowe says that the trial court gave no reasons for imposing the maximum sentence. The only apparent reason for the sentence given by the court is Lowe's criminal history. But other evidence in the record provides support too. The balance of seriousness factors under R.C. 2929.12 tips towards the more serious side. The victims suffered economic harm of over $6,000 and some psychological harm from having heirloom items taken. *See* R.C. 2929.12(B)(2). And Lowe's relationship of trust could have facilitated the offense. *See* R.C. 2929.12(B)(6). The court could have found that none of the less-serious-conduct factors were relevant. Also, the balance of the recidivism factors weighs in favor of finding that Lowe is "more likely to commit future crimes," R.C. 2929.12(D). He has a long history of criminal convictions, both juvenile and adult. *See* R.C. 2929.12(D)(2). And the trial court could have found that Lowe has not responded favorably to the prison terms imposed for many of those prior convictions. *See* R.C. 2929.12(D)(3). As for the not-likely-to-commit-future-crimes factors, the court could have found that the only one applicable is that Lowe showed genuine remorse for the offense. *See* R.C. 2929.12(E)(5).

{¶ 11} Lowe admits in his brief that none of the issues is enough to reverse. He argues that the trial judge's handling of the sentencing in a summary manner warrants

reversal. Lowe accuses the trial judge of treating his sentencing "in a cavalier fashion." He also alleges that the judge has a history of failing to fully consider the principles and purposes of sentencing and a history of imposing maximum sentences in a summary manner. The Ohio Supreme Court recently held that R.C. 2953.08(G)(2) gives the only two grounds—contrary to law and unsupported by the record—on which an appellate court may vacate or modify a felony sentence on appeal. *See Marcum*, 2016-Ohio-1002, at ¶ 1. Because we conclude that Lowe's sentence is not contrary to law and is supported by the record, we must affirm.

{¶ 12} The sole assignment of error is overruled.

{¶ 13} The trial court's judgment is affirmed.

. . . . . . . . . . . . .

DONOVAN, P.J., and WELBAUM, J., concur.

Copies mailed to:

Megan M. Farley
J. Allen Wilmes
Hon. Douglas M. Rastatter