[Cite as *State v. Weir*, 2018-Ohio-2827.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**ASHTABULA COUNTY, OHIO**


| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-A-0039** |
| KEVIN A. WEIR, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal from the Ashtabula County Court of Common Pleas.
Case No. 2016 CR 00465.

Judgment: Affirmed.


*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellee).

*Matthew M. Nee*, Nee Law Firm, LLC, 26032 Detroit Road, Suite 5, Westlake, OH 44145 (For Defendant-Appellant).


TIMOTHY P. CANNON, J.

{¶1} Appellant, Kevin A. Weir, appeals from the Judgment Entry of Guilty to Negotiated Plea and Sentence, entered by the Ashtabula County Court of Common Pleas on October 19, 2016. The judgment is affirmed.

{¶2} The Ashtabula County Grand Jury returned an eighteen-count indictment against appellant on August 3, 2016. The indictment alleged eleven counts of pandering obscenity involving a minor, second-degree felonies in violation of R.C. 2907.321(A)(1),

and seven counts of pandering obscenity involving a minor, fourth-degree felonies in violation of R.C. 2907.321(A)(5).

{¶3} Appellant entered into a negotiated plea agreement with appellee, the state of Ohio, on October 16, 2016. In exchange for appellant's plea of guilty to eight of the second-degree felony counts of pandering obscenity involving a minor, the remaining counts would be dismissed. The plea agreement included a stipulated sentencing recommendation of ten years in prison.

{¶4} A plea and sentencing hearing was held on October 18, 2016. The trial court accepted appellant's guilty plea to Counts 1, 2, 4, 5, 7, 9, 10, and 11 of the indictment and dismissed the remaining counts. The trial court adopted and approved the stipulated sentencing recommendation. Appellant was sentenced to five years in prison on Count 1 and five years in prison on Count 2, to be served consecutively, and five years in prison on each of Counts 4, 5, 7, 9, 10, and 11, all to be served concurrently with Count 2, for a total prison term of ten years.

{¶5} Appellant noticed an appeal from the trial court's subsequent October 19, 2016 entry and asserts two assignments of error.

{¶6} Appellant's first assignment of error states:

> The Trial Court committed reversible error because it did not strictly comply with Crim.R. 11 in that it did not perform a complete colloquy where it actually informed Weir of his rights under Crim.R. 11.

{¶7} Appellant argues the trial court failed to strictly comply with Crim.R. 11(C)(2)(c) when it instructed appellant to read certain contents of his plea agreement into the record regarding his waiver of various constitutional rights.

2

{¶8} Pursuant to Crim.R. 11(C)(2), when a defendant is pleading guilty or no contest to felony offenses, the trial court must address the defendant personally and inform the defendant of various constitutional and non-constitutional rights prior to accepting the plea. The constitutional rights are found in Crim.R. 11(C)(2)(c): the trial court is to inform the defendant that by pleading guilty or no contest, he or she "is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."

{¶9} Compliance with Crim.R. 11 "ensures that defendants enter pleas with knowledge of rights that they would forgo and creates a record by which appellate courts can determine whether pleas are entered voluntarily." *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶11, citing *State v. Nero*, 56 Ohio St.3d 106, 107 (1990). "When a trial judge fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c), the guilty or no-contest plea is invalid 'under a presumption that it was entered involuntarily and unknowingly.'" *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶31, quoting *Griggs*, *supra*, at ¶12.

{¶10} The Ohio Supreme Court has instructed that a trial court must strictly comply with Crim.R. 11(C) as it relates to the waiver of constitutional rights. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶18, citing *State v. Ballard*, 66 Ohio St.2d 473, 479 (1981). Failure to *literally* comply with the language of Crim.R. 11(C)(2)(c) does not, however, invalidate a plea agreement so long as the record demonstrates that the trial court explained or referred to the constitutional rights "'*in a manner reasonably*

*intelligible to that defendant.*"'" *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, ¶14, quoting *Veney*, *supra*, at ¶27 (emphasis sic), quoting *Ballard*, *supra*, at 480.

{¶11} Here, the trial court engaged in a meaningful dialogue with appellant at the plea hearing. The trial court instructed appellant to read portions of his written plea agreement into the record, paragraph by paragraph, and then inquired whether appellant understood what he had read and what rights he was waiving, and whether appellant had any questions. Each time, appellant indicated he understood what he had read and that he had no questions for the court. The pertinent portion of the colloquy is as follows:

> THE COURT: Okay. Would you please read the next paragraph?
>
> THE DEFENDANT: Prior to signing this Written Plea of Guilty, my attorney explained to me that I have the following constitutional rights, which I would waive by pleading guilty.
>
> THE COURT: Okay. Would you please then read the portion of the Page One that contains those rights?
>
> THE DEFENDANT: I under-- I under --
>
> THE COURT: Keep -- read right there. "I understand" --
>
> THE DEFENDANT: Okay. I understand that this plea -- I give up my right to a jury trial or court trial; to question or have my attorney question witnesses against me; to use the power of the Court to call witnesses. At a trial I have the right to not -- the right not to take the witness stand and have no one comment if I decide not to testify. At a trial the State would be required to prove my guilt beyond a reasonable doubt on every element of the offense. If I were convicted at trial, I would have the right to appeal.
>
> THE COURT: Okay. Mr. Weir, do you have any questions whatsoever about any of those rights?
>
> THE DEFENDANT: No.
>
> THE COURT: You understand all of them?
>
> THE DEFENDANT: (Nods head.) Yes.

4

THE COURT: You have to answer out loud.

THE DEFENDANT: Yes, sir.

THE COURT: Okay. And you agree to give up those rights, sir?

THE DEFENDANT: Yes, I do.

THE COURT: Okay. Please read the next paragraph, sir.

THE DEFENDANT: I hereby state that I understand these rights and privileges and the possible consequences of a guilty plea. I hereby waive and reject all of these rights. I am voluntarily pleading guilty on [sic] my own free will. I understand that this within plea of guilty constitutes an admission which may be used against me at a later trial. By pleading guilty I admit committing the offense and will tell the Judge the facts and circumstances of my guilt.

THE COURT: Okay. Do you have any questions about anything so far?

THE DEFENDANT: No, I do not.

THE COURT: Okay. You understand everything so far?

THE DEFENDANT: Yes, I do, sir.

{¶12} This portion of the colloquy was conducted after the trial court had determined appellant's age (42), education level (high school graduate and some college), and ability to read, write, and understand the English language. Appellant also represented to the trial court that he had sufficient time to speak to his attorney about the contents of the plea agreement and that he had no complaints about his attorney's representation.

{¶13} The circumstances at hand are quite distinguishable from those in *State v. Caudill*, cited by appellant in support of his argument, wherein the defendant's attorney had read the plea agreement into the record and represented to the trial court that he had

5

explained the waiver of rights to the defendant. The Ohio Supreme Court held that "[t]he requirements of Crim. R. 11(C)(2) are not satisfied by a written statement by the defendant or by representations of his counsel." *State v. Caudill*, 48 Ohio St.2d 342 (1976), paragraph three of the syllabus.

{¶14} Here, the colloquy was between the trial court and appellant. The fact that appellant read portions of his written plea agreement into the record and verified his understanding, rather than the trial court reading the rights to appellant, does not, under the circumstances of this case, raise any presumption that appellant entered his guilty plea unknowingly or involuntarily. We conclude the trial court strictly complied with Crim.R. 11(C)(2)(c) in that it referred to the waiver of constitutional rights in a manner reasonably intelligible to appellant.

{¶15} Appellant's first assignment of error is without merit.

{¶16} Appellant's second assignment of error states:

> The Trial Court committed reversible error by accepting a plea on Weir's behalf that was not made knowingly and voluntarily because Weir was not advised that his sentence was not appealable under R.C. 2953.08(D).

{¶17} "A sentence imposed upon a defendant is not subject to review under [R.C. 2953.08] if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." R.C. 2953.08(D)(1).

{¶18} Appellant does not argue that his sentence was not authorized by law, that it was not jointly recommended, or that it was not imposed by a sentencing judge. Rather, appellant argues his guilty plea was not entered knowingly and voluntarily because the

6

trial court failed to advise appellant that his stipulated sentence was not reviewable on appeal.

**{¶19}** "An inquiry into the voluntariness of a plea does not end with the determination as to whether the trial judge complied with Crim.R. 11(C). '[A] defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. * * * The test is whether the plea would have otherwise been made.'" *State v. Robinson*, 8th Dist. Cuyahoga Nos. 89222 & 89223, 2008-Ohio-224, ¶10, quoting *State v. Nero*, 56 Ohio St.3d 106, 108.

**{¶20}** The record reveals appellant was aware that he had limited appellate rights as a result of the plea agreement. Appellant's signed, written plea of guilty provides: "My attorney has explained my right to appeal a maximum sentence, *my other limited appellate rights*, and that any appeal must be filed within 30 days of the Court's entry of the judgment of my sentence." (Emphasis added.) Appellant also read this provision into the record at his plea hearing and affirmed to the trial court that he had no questions.

**{¶21}** Additionally, the trial court does not have a duty to advise a defendant that a jointly recommended sentence is precluded from appellate review. There is no provision in Crim.R. 11(C) that requires the trial court to do so at the time of accepting a guilty plea. *See State v. Atchley*, 10th Dist. Franklin No. 04AP-841, 2005-Ohio-1124, ¶10; *Robinson*, *supra*, at ¶14 (citations omitted). And there is no requirement in Crim.R. 32(B)(2) that requires the trial court do so at the time of sentencing. *See, e.g., State v. Bryant*, 6th Dist. Lucas No. L-03-1359, 2005-Ohio-3352, ¶21, citing *State v. Middleton*, 12th Dist. Preble No. CA2004-01-003, 2005-Ohio-681, ¶25, fn. 1 and *State v. White*, 9th Dist. Summit No. 21741, 2003 WL 22451372, *1 (Oct. 6, 2003). Additionally, there is no

constitutional requirement for the trial court to advise a defendant of his or her appellate rights following conviction upon a guilty plea. *See State v. Borchers*, 101 Ohio App.3d 157, 163 (2d Dist.1995); *State v. Lentz,* 2d Dist. Miami No. 01CA31, 2003-Ohio-911, ¶15-16. The trial court's failure to advise appellant of the limitation found in R.C. 2953.08(D)(1) was not an error.

{¶22} We further note that appellant does not assert he would not have pled guilty had the trial court advised him of the R.C. 2953.08(D)(1) limitation. Appellant's complaint is simply that the length of the sentence to which he stipulated and agreed cannot be reviewed by this court. Thus, appellant has not demonstrated that he was prejudiced by the trial court accepting his guilty plea without first informing him that his sentence would be precluded from appellate review.

{¶23} Appellant's second assignment of error is without merit.

{¶24} The judgment of the Ashtabula County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, P.J.,

COLLEEN MARY O'TOOLE, J.,

concur.

8