DECISION AND JUDGMENT ENTRY
This is an appeal from the November 27, 2002 judgment of the Lucas County Court of Common Pleas that found appellant, John Merret, guilty of five counts of attempted gross sexual imposition and sentenced him to five concurrent 17 month prison terms. Appellant raises the following assignments of error:
 "I. First assignment of error
"The trial court erred in sentencing appellant to a term of incarceration for, essentially, a first felony offense.
 "II. Second assignment of error
"The imposition of the term(s) of incarceration should be vacated because the record does not support a prison sanction and said sentence is contrary to law."
A brief recitation of the facts is as follows. On September 5, 2002, appellant was indicted on five counts of gross sexual imposition involving his stepdaughter who was under the age of 13.
On October 16, 2002, pursuant to a negotiated plea agreement, appellant entered guilty pleas to five counts of attempted gross sexual imposition, fourth degree felonies, with maximum prison terms of 18 months for each count. Thereafter, on November 27, 2002, appellant was sentenced to 17 months on each count to be served concurrently.
In appellant's first assignment of error, appellant contends that the trial court erred in sentencing him to a prison term, for a first felony offense, without making the required statutory findings. The state, conversely, asserts that the court made the requisite findings at the sentencing hearing and in the judgment entry.
The Ohio Supreme Court has recently held that prior to imposing a nonminimum sentence, the trial court is required to make the statutorily sanctioned findings under R.C. 2929.14(B) at the sentencing hearing.State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, paragraph two of the syllabus. Citing State v. Edmonson (1999), 86 Ohio St.3d 324, syllabus, the Comer court concluded, however, that "R.C. 2929.14(B) does not require that the court give its reasons for finding that the seriousness of the offense will be demeaned or the public not adequately protected if a minimum sentence is imposed." Id. at ¶ 26, fn. 2. R.C. 2929.14(B) requires that, for an offender who has not previously served a prison term, a court shall impose the shortest prison term for the offense unless "[t]he court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
Further, in sentencing an offender for a fourth or fifth degree felony, a trial court must determine whether any of the factors in R.C.2929.13(B)(1)(a) through (i) exists to favor a prison term. Whether or not the court finds one of the nine factors, it must also consider the seriousness and recidivism factors under R.C. 2929.12, and additionally determine whether a prison term or a community control sanction is consistent with the principles and purposes of felony sentencing under R.C. 2929.11. See R.C. 2929.13(B)(2). When considering the seriousness and recidivism factors under R.C. 2929.12, the Ohio Supreme Court has noted that the Ohio Revised Code "does not specify that the sentencing judge must use specific language or make specific findings in order to evince the requisite consideration of the applicable *** factors." Statev. Arnett (2000), 88 Ohio St.3d 208, 215.
At the November 27, 2002 sentencing hearing, the trial court noted that "rather than demean the serious nature of this offense, I am imposing a prison term ***." The court recognized that "in a first felony offense, the minimum sentence is to be considered" but decided to impose a prison term because "th[e] behavior occurred over a period of time" and "[i]t makes it more serious because [appellant was] in a situation that allowed [him] access to th[e] child."
In its November 27, 2002 judgment entry, the court stated that, pursuant to R.C. 2929.13(B), appellant was convicted of a sex offense. The court further noted that appellant was not amenable to community control and a prison term was consistent with the purposes of R.C. 2929.11.
Based on the foregoing, we find that, pursuant to Comer, the trial court made the required findings under R.C. 2929.14(B), orally at the sentencing hearing. The court also noted, though not explicitly, the R.C. 2929.12(B)(6) seriousness factor: appellant's relationship to the victim. Further, in the court's judgment entry, the court found that, under R.C. 2929.13(B), appellant was convicted of a sex offense. The court also noted that appellant was not amenable to community control and that a prison term was consistent with the purposes of R.C. 2929.11. Accordingly, we find that the court complied with the statutory requirements to determine that appellant should be sentenced to a prison term. Appellant's first assignment of error is not well-taken.
Appellant's second assignment of error contends that a prison sentence is not supported by the record and is, therefore, contrary to law. Specifically, appellant argues that the court failed to recognize certain mitigating factors including appellant's lack of a criminal history and the low level risk for recidivism.
Again, at the sentencing hearing the court acknowledged that the instant offenses were appellant's first felonies. The court, having before it the presentence investigation and Court Diagnostic 
Treatment Center reports, found that the seriousness factors, the fact that the incidents occurred over a period of time and that appellant's relationship as the victim's stepfather facilitated the offenses, outweighed the mitigating factors. Based on the foregoing, we find no clear and convincing evidence to demonstrate that the sentence was contrary to law. Appellant's second assignment of error is not well-taken.
On consideration whereof, we find that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
 Judgment affirmed.