DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the January 6, 2004 judgment of the Erie County Court of Common Pleas (filed on December 3, 2003) which found appellant, Martin Houston, guilty of one count of felonious assault and sentenced him to seven years of imprisonment.
 {¶ 2} Appellant raises the following assignments of error:
 {¶ 3} "I. The trial court erred by failing to apprise the defendant of his right to appeal.
 {¶ 4} "II. Appellant's sentence should be reversed or remanded since the sentence was not supported by the record.
 {¶ 5} "III. The victim expressed her opinion as to the sentence that should be imposed and requested the maximum sentence which the court considered."
 {¶ 6} On July 17, 2003, appellant was indicted on one count of felonious assault, one count of domestic violence, one count of kidnapping, and one count of intimidation. The first and second counts of the indictment, felonious assault and domestic violence, included physical harm specifications, as they related to an altercation between appellant and his estranged wife, in which the victim suffered multiple stab wounds.
 {¶ 7} On November 3, 2003, pursuant to a negotiated plea agreement, appellant pled guilty to one count of felonious assault with a maximum prison term of eight years. Thereafter, on December 3, 2003, appellant was sentenced to seven years of imprisonment.
 {¶ 8} In appellant's first assignment of error, appellant contends that at the December 3, 2003 sentencing hearing, the trial court erred in failing to apprise him of his right to appeal. Crim.R. 32(B)(2) requires that after imposing sentence in a serious offense the court must advise the defendant of his or her right, where applicable, to appeal or seek leave to appeal the sentence. Where a defendant has been convicted following a guilty or no contest plea, the court is not constitutionally required to advise the defendant of his appeal rights. State v.Borchers (1995), 101 Ohio App.3d 157, 164-164. (Depending on a defendant's sentence, there may be statutory notification requirements.) Regardless, we conclude that any argument relative to the omission is moot as appellant timely filed his notice of appeal. See State v. Duncan, 3d Dist. No. 7-02-10, 2003-Ohio-3879, at ¶ 12. Accordingly, appellant's first assignment of error is not well-taken.
 {¶ 9} Appellant, in his second assignment of error contends that the trial court erred because the sentence imposed was not supported by the record. Specifically, appellant contends that he should have been sentenced to the minimum amount of imprisonment under R.C. 2929.14(B). This section mandates that a trial court impose the shortest prison term statutorily authorized upon offenders who have previously not served a prison term unless the court makes findings at the sentencing hearing that to do so would demean the seriousness of the offense or that the public would not be adequately protected. Appellant does not argue that the sentencing court did not make such findings, but that its stated reasons for so finding were insufficient. Specifically, appellant takes the position that "merely mention[ing] certain buzz words from the statute * * *" is inadequate with respect to making the requisite statutory findings.
 {¶ 10} Appellant's position is not supported by the governing case law. In State v. Merret, 6th Dist. No. L-02-1400,2003-Ohio-5975 at ¶ 5, this court expressly held that under the Ohio Supreme Court's decision in State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, R.C. 2929.14(B) does not require that the court give its reasons for finding that the seriousness of the offense will be demeaned or the public not adequately protected if a minimum sentence is imposed. Addressing appellant at the sentencing hearing, the court stated: "The reason why not the shortest prison term is because that would demean the seriousness of your conduct and would not adequately protect the public from future crime." Thus, the court did indeed make the requisite findings under R.C. 2929.14(B). Further, the court noted the seriousness of the victim's injuries and appellant's domestic violence record. Finally, in the trial court's January 6, 2004 judgment entry, the court stated that in sentencing appellant it considered the principles and purposes of sentencing under R.C.2929.11, and the serious and recidivism factors of R.C. 2929.12. Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 11} In his third assignment of error, appellant contends that the trial court erred by allowing testimony from the victim and her mother regarding their opinions as to what sentence appellant should receive as well as considering their views in determining appellant's sentence. In support of his contention, appellant relies upon State v. Condon, 152 Ohio App.3d 629,2003-Ohio-2335. Appellant's analysis of the Condon holding is incomplete. In Condon, the First Appellate District, citing the Ohio Supreme Court's decision in State v. Fautenberry,72 Ohio St.3d 435, 1995-Ohio-209, held that a trial court may consider relevant statements regarding the impact of the offense on a victim, the victim's family and friends so long as those persons addressing the court do not express an opinion as to the sentence that should be imposed. Id. at 665. However, the Condon court further noted that unless it affirmatively appears to the contrary, the trial court is presumed to have considered only relevant, material and competent evidence in selecting the sentence it imposed. Id.
 {¶ 12} As in Condon, nothing in the record in this case indicates that, prior to sentencing, the trial court gave any credence or consideration to the aforementioned testimony; notably, appellant did not receive the maximum sentence as requested by the victim and her mother. Therefore, appellant's third assignment of error is not well-taken.
 {¶ 13} On consideration whereof, we find that substantial justice was done the party complaining and the judgment of the Erie County Court of Common Pleas is affirmed. Pursuant to App. R. 24, costs of this appeal are assessed to appellant.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Pietrykowski, J., Singer, J., Concur.