DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-appellant, Ramon Fuentes Moctezuma, appeals the September 3, 2004 judgment entry of the Lucas County Court of Common Pleas following appellant's plea entered pursuant to North Carolina v.Alford (1970), 400 U.S. 25. For the reasons that follow, we affirm the trial court's decision.
 {¶ 2} On February 18, 2004, appellant and a co-defendant were indicted on one count of cocaine possession, a first degree felony, with a major drug offender specification, and one count of cocaine trafficking, a first degree felony. The charges stemmed from the February 12, 2004 search and seizure of appellant's vehicle which uncovered approximately eight kilos of cocaine. On February 27, 2004, appellant entered a not guilty plea.
 {¶ 3} On April 7, 2004, appellant filed a motion to suppress evidence arguing that the warrantless search violated his constitutional rights. Specifically, appellant questioned the legitimacy of the initial stop, the subsequent questioning, the use of a canine, and the seizure of the suspected contraband.
 {¶ 4} On August 13, 2004, appellant appeared in court and agreed to enter an Alford plea. Pursuant to the plea agreement, appellant's motion to suppress was withdrawn, the state dismissed the second count in the indictment, trafficking, and as to the first count, possession, the count was reduced to a third degree felony and the major drug offender specification was removed.
 {¶ 5} During the plea hearing, the state offered the following statement of the facts that it would have presented at trial. On February 12, 2004, appellant was driving a Jeep Grand Cherokee, on the Ohio Turnpike, in Lucas County, Ohio, when an Ohio State Highway Patrol Lieutenant noticed that the license plate on the vehicle was obscured. The officer began following the vehicle and eventually pulled it over for following too closely behind a semi-truck.
 {¶ 6} After the officer approached the vehicle and asked appellant for his license and registration, appellant requested that he be allowed to fix the license plate bracket. Appellant appeared nervous. The officer then observed several air fresheners on the mirror of the car as well as a spray bottle of air freshener in the center console. Eventually, the officer requested assistance from a trooper and his canine. The canine indicated positively to the rear hatch of the vehicle. The spare tire contained what the parties stipulated to be between 25 and 100 grams of cocaine. At the Lucas County Jail, 50, $20 bills were discovered in appellant's underwear.
 {¶ 7} On August 30, 2004, appellant was sentenced to four years of imprisonment and a five year driver's license suspension. The $1,000 seized at the time of appellant's arrest was also ordered forfeited. This appeal followed.
 {¶ 8} Appellant now raises the following two assignments of error:
 {¶ 9} "I. The court's sentence violates the Sixth Amendment and the mandates of Blakely v. Washington. Alternatively, the sentence is contrary to law under a clear and convincing standard of review.
 {¶ 10} "II. Appellant was denied his right to effective counsel."
 {¶ 11} In appellant's first assignment of error, appellant first argues that the trial court's sentence violates the Sixth Amendment and the mandates of Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, in that the court, not a jury, erroneously made additional findings of fact to support a nonminimum prison term. In State v. Curlis, 6th Dist. No. WD-04-032, 2005-Ohio-1217, this court determined that Blakely applies only when the sentence exceeds the maximum sentence in the available range for an offense and it does not apply to Ohio's statutory sentencing scheme. Id. at ¶¶ 18-20. Thus, appellant's argument lacks merit.
 {¶ 12} Next, appellant contends that his sentence was contrary to law because the trial court erroneously considered the amount of cocaine originally charged in the indictment, an amount exceeding 1,000 grams, rather than the 25 to 100 grams of cocaine to which he entered an Alford
plea.
 {¶ 13} As set forth in the state's answer brief, at the August 13, 2004 plea hearing the state indicated:
 {¶ 14} "[D]ue to the amount of the drug involved the State is going to request that the Court consider more than the minimum one year mandatory sentence in this case, and I think that has also been explained to both Defendants in advance.
 {¶ 15} "[Defense counsel]: Your Honor, that's correct.
 {¶ 16} "* * *.
 {¶ 17} "He understands, Judge, as well, my client, that the sentence which the Court will impose will be a mandatory sentence. He is not eligible for consideration of community control. Likewise, as a result of the amount of the narcotics that were seized he appreciates the State's position, will be requesting that the Court consider greater than the minimum one year prison term and appreciates the maximum term the Court could impose would be five years as well as the fine."
 {¶ 18} At the August 30, 2004 sentencing hearing the state again represented: "At the time the plea was entered it was indicated to Counsel and the Court that the Highway Patrol was requesting due to the amount of drugs involved here, almost eight kilos of cocaine, that the Court not impose the minimum sentence * * *."
 {¶ 19} Thereafter, in sentencing appellant the court observed that "the amount of drugs that were involved here of almost eight kilos, just the plea that was able to be negotiated is indeed quite generous in and of itself." The court proceeded to find that under R.C. 2929.14(B) the shortest prison term would demean the seriousness of the offense and would not adequately protect the public.
 {¶ 20} After careful review of the plea and sentencing hearing transcripts and the applicable law, we find that the trial court's reference to the larger amount of cocaine at sentencing was not improper. First and foremost, the parties agreed that the court could take the actual amount of cocaine seized into consideration and that the amount would support a greater than one year prison term. Second, several Ohio courts have acknowledged a concept known as "real offense sentencing," which has been explained as follows:
 {¶ 21} "Notwithstanding that an offense has been plea bargained to a lesser offense, presentence reports are traditionally written to contain all facts in the police file. Likewise, judges have been accustomed to sentence an offender based on the judge's perception of the true facts even though such facts may be inconsistent with a plea bargain. * * *. Notwithstanding the plea bargain the judge may sentence the offender within the statutory parameters of the plea bargained offense based upon what the record shows to have been the real facts of the offense." Griffen Katz, Ohio Felony Sentencing Law (2004), 567-568, Section 5:30. See, also, State v. Huntley, 4th Dist. No. 02CA15, 2002-Ohio-6806;State v. Frankos (Aug. 23, 2001), 8th Dist. No. 78072.
 {¶ 22} Finally, we conclude that, pursuant to State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, the trial court considered the necessary statutory factors when imposing a nonminimum prison sentence. Accordingly, appellant's first assignment of error is not well-taken.
 {¶ 23} In appellant's second assignment of error, he argues that he was denied the effective assistance of trial counsel. The standard for determining whether a trial attorney was ineffective requires appellant to show: (1) that the trial attorney made errors so egregious that the trial attorney was not functioning as the "counsel" guaranteed appellant under the Sixth Amendment, and (2) that the deficient performance prejudiced appellant's defense. Strickland v. Washington (1984),466 U.S. 668, 686-687, 104 S.Ct. 2052. In essence, appellant must show that his trial, due to his attorney's ineffectiveness, was so demonstrably unfair that there is a reasonable probability that the result would have been different absent his attorney's deficient performance. Id. at 693.
Furthermore, a court must be "highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" in reviewing a claim of ineffective assistance of counsel. Id. at 689. A properly licensed attorney in Ohio is presumed to execute his duties in an ethical and competent manner.State v. Hamblin (1988), 37 Ohio St.3d 153, 155-56. Debatable strategic and tactical decisions may not form the basis of a claim for ineffective assistance of counsel. State v. Phillips (1995), 74 Ohio St.3d 72, 85,1995-Ohio-171. Even if the wisdom of an approach is debatable, "debatable trial tactics" do not constitute ineffective assistance of counsel. Id. Finally, reviewing courts must not use hindsight to second-guess trial strategy, and must bear in mind that different trial counsel will often defend the same case in different manners. Strickland, supra at 689;State v. Keenan (1998), 81 Ohio St.3d 133, 152, 1998-Ohio-459.
 {¶ 24} The decision to accept a plea agreement is undeniably strategic. In exchange for entering a plea and withdrawing his motion to suppress, appellant's charges were reduced from two first degree felonies with a major drug offender specification to one third degree felony of cocaine possession. While the state conceded that there were "evidentiary deficiencies" with the case, this does not obviate the fact that, if convicted of the charges in the indictment, appellant faced the possibility of a maximum prison term far exceeding five years. Thus, we cannot second-guess trial counsel's decision to permit appellant to accept the plea that was offered. Appellant's second assignment of error is not well-taken.
 {¶ 25} On consideration whereof, we find that appellant was not prevented or prejudiced from having a fair trial and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal for which sum judgment is rendered against appellant on behalf of Lucas County and for which execution is awarded. See App.R. 24.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J. Singer, P.J. Concur.