[Cite as *State v. Davis*, 2018-Ohio-2984.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No.  L-16-1313

       Appellee                                          Trial Court No.  CR0201502966

v.

Terrance Davis                                      **DECISION AND JUDGMENT**

       Appellant                                          Decided:  July 27, 2018

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney,
Lauren Carpenter and Claudia A. Ford, Assistant
Prosecuting Attorneys, for appellee.

Brad F. Hubbell, for appellant.

* * * * *

**SINGER, J.**

**{¶ 1}** Appellant, Terrance Davis, appeals the August 25, 2016 judgment of the

Lucas County Court of Common Pleas, where he was convicted of aggravated robbery in

violation of R.C. 2911.01(A)(3), a felony of the first degree.  Finding no error, we affirm.

**Background**

{¶ 2} On November 20, 2015, appellant was indicted for aggravated robbery in violation of R.C. 2911.01(A)(3), a felony of the first degree, and for felonious assault in violation of R.C. 2903.11(A)(1) and (D), a felony of the second degree.

{¶ 3} On August 3, 2016, appellant entered a plea to the aggravated robbery pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Appellee dismissed the felonious assault charge in exchange for the plea.

{¶ 4} In open court, appellee discussed the factual basis on which it would have relied to prove the case against appellant.

{¶ 5} Appellee stated that, based on video surveillance, a 77-year old victim was grocery shopping at Gordon Foods in Toledo, Ohio. Upon exiting the store, the victim placed her purse on the driver's seat of her vehicle and unloaded groceries. A car then pulled into the lot and parked next to her. As she finished unloading groceries, she locked her car and walked her cart back to the store. While she was away, the driver of the car next to her attempted to open the side door of her car in an attempt to take the victim's purse.

{¶ 6} Appellant was the suspect-driver. He waited for the victim to come back to her car. When she returned and opened her car door, appellant hit and pushed her, which caused her to fall straight back onto the concrete. He then took her purse and drove away. The victim was transported to the hospital where she received several staples to

the back of her head.  She also was required to stay overnight in the hospital for observation due to her loss of consciousness.

{¶ 7} After appellee concluded with those facts, the court addressed appellant and proceeded with its Crim.R. 11 colloquy.  The court accepted the plea, and found appellant guilty of aggravated robbery.  The matter was set for sentencing on August 24, 2016.

{¶ 8} At sentencing, appellee, appellant's trial counsel, appellant, and the victim all made statements.  The court sentenced appellant to 10 years in prison, and imposed a postrelease control period of 5 years.  The sentence was journalized on August 25, 2018, and it is from this judgment appellant now appeals.

### *Anders* Brief

{¶ 9} On October 20, 2017, appellant's counsel filed a request to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel asserted that, after thoroughly reviewing the transcript of the proceedings in the trial court and the applicable case law, no meritorious assignments of error could be presented.  Counsel did, however, submit the following four potential assignments of error:

1.  The trial court erred when it sentenced appellant without providing access to a presentence report.

2.  The trial court erred when it denied the appellant his due process rights to a fair and impartial presentence report.

3.

3. The appellant was denied effective assistance of counsel.

4. The trial court erred when it sentenced appellant without providing the proper notification of appellate rights.

{¶ 10} The state also filed an *Anders* brief, concurring with the conclusion of appellant's counsel that there was no arguable basis for a valid assignment of error and urging this court to permit counsel to withdraw. Appellant filed a pro se brief, citing the following assignments of error:

1. Defendant-appellant was deprived of his liberty without due process of law when the state persecuted (sic) and proffered unproven and inaccurate statements of facts in the plea and sentencing hearing to elicit trial court to impose maximum sentence.

2. Defendant-appellant was deprived of his liberty without due process of law when the trial court imposed maximum sentence based on unproven and inaccurate facts proffered by the state and without complying with Ohio's current sentencing requirements.

{¶ 11} The procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue is set forth in *Anders*, as well as *State v. Duncan*, 57 Ohio App.2d 93, 385 N.E.2d 323 (8th Dist.1978). *See also* 6th Dist.Loc.App.R. 10(G).

4.

{¶ 12} In *Anders*, the U.S. Supreme Court found if counsel, after a conscientious examination of the case, determines it to be wholly frivolous, counsel should so advise the court and request permission to withdraw. *Anders* at 744. This request must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id.* In addition, counsel must furnish the client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters the client so chooses. *Id.* Once the requirements are fulfilled, the appellate court must conduct a full examination of the proceedings and decide if the appeal is indeed frivolous. *Id.* If the appellate court determines the argument is frivolous, it may grant counsel's request to withdraw and dismiss the appeal or it may proceed to a decision on the merits. *Id.*

{¶ 13} On June 29, 2018, we released *State v. Wenner*, 6th Dist. Sandusky No. S-18-4, 2018-Ohio-2590, in which this court pronounced that it will no longer accept *Anders* briefs in criminal appeals. Nevertheless, because this case was filed pre-*Wenner*, we will proceed with the process and role customarily undertaken pursuant to *Anders*.

{¶ 14} We find appellant's counsel has satisfied the requirements of *Anders*, setting forth four potential assignments of error. Appellant has also put forth two assignments of error. Consequently we will address the potential assignments of error put forth by counsel and appellant, and then follow with our examination of the entire record.

5.

## Potential Assignment of Error No. 1

{¶ 15} Counsel first argues appellant may have been denied the opportunity to read and respond to the presentence investigation report (PSI).

{¶ 16} R.C. 2947.06(A)(1) provides:

The trial court may hear testimony in mitigation of a sentence at the term of conviction or plea or at the next term. The prosecuting attorney may offer testimony on behalf of the state to give the court a true understanding of the case. The court shall determine whether sentence should immediately be imposed. The court on its own motion may direct the department of probation of the county in which the defendant resides, or its own regular probation officer, to make any inquiries and presentence investigation reports that the court requires concerning the defendant.

{¶ 17} Additionally, R.C. 2951.03(B)(1) and (2) state:

(1) If a presentence investigation report is prepared pursuant to this section, section 2947.06 of the Revised Code, or Criminal Rule 32.2, the court, at a reasonable time before imposing sentence, shall permit the defendant or the defendant's counsel to read the report, except that the court shall not permit the defendant or the defendant's counsel to read any of the following:

(a) Any recommendation as to sentence;

(b) Any diagnostic opinions that, if disclosed, the court believes might seriously disrupt a program of rehabilitation for the defendant;

(c) Any sources of information obtained upon a promise of confidentiality;

(d) Any other information that, if disclosed, the court believes might result in physical harm or some other type of harm to the defendant or to any other person.

(2) Prior to sentencing, the court shall permit the defendant and the defendant's counsel to comment on the presentence investigation report and, in its discretion, may permit the defendant and the defendant's counsel to introduce testimony or other information that relates to any alleged factual inaccuracy contained in the report.

{¶ 18} Here, we find the record reflects that the court ordered a PSI pursuant to R.C. 2947.06. The matter was set for sentencing, where the court asked trial counsel if he would like to "speak in mitigation," to which he replied as follows:

[COUNSEL]: Briefly, Your Honor. I read the pre-sentence report. It appears to be accurate. Terrance has some remorse for what he did. When he told me that when he wanted—when he thought about doing this he grabbed her purse and she fell to the ground and that's what caused her damages.

**{¶ 19}** The court also addressed appellant and provided him an opportunity to speak in mitigation, as follows:

> THE COURT: All right. Mr. Davis, what would you like to say prior to sentencing?
>
> [APPELLANT]: I'm very sorry. I could not say I'm sorry enough to the victim and her family for— for all the pain I caused. And I am going through a lot. And I'm sick. I was on heroin, and I just apologize. I'm sorry. I hope— I apologize to the Court.

**{¶ 20}** Based on the forgoing in-court statements, we cannot say appellant was deprived of any right afforded under R.C. 2951.03(B)(1) and (2). To the contrary, we find appellant and trial counsel were both given the opportunity to mitigate and address the PSI, and neither one did so. A close examination of trial counsel's open court concession regarding the accuracy of the PSI, standing alone, belies the argument that neither trial counsel nor appellant was given the opportunity to review the PSI. Accordingly, we cannot find merit in the first potential assignment of error.

### Potential Assignment of Error No. 2

**{¶ 21}** Counsel argues that appellant's due process right to a fair and impartial PSI report may have been compromised because the author of the PSI was appellant's past probation officer. Counsel admits he was "unable to find any case law to support" this legal assertion.

8.

**{¶ 22}** Neither does appellant point to anything in the record that would indicate any bias of the probation officer. We also note R.C. 2951.03(B)(5) provides that "if the defendant alleges any factual inaccuracy in the [PSI], the court shall either: (a) [m]ake a finding as to the allegation; [or] (b) [m]ake a determination that no finding is necessary with respect to the allegation because the factual matter will not be taken into account in the sentencing of the defendant." *State v. Hofmann*, 6th Dist. Erie No. E-03-057, 2004-Ohio-6655, ¶ 16-19.

**{¶ 23}** Accordingly, we find no indication in the record that appellant argued, in open court, that any factual inaccuracy existed within the PSI. Counsel is apparently attempting to argue there was some inherent bias connected with appellant's past probation officer authoring his PSI. We, as is appellant, are unable to find any case law to support this argument. Furthermore, R.C. 2951.03(B)(5)(b) provides a process where the court could ignore any inaccuracies in a PSI in the event there is a proper and credible protestation.

**{¶ 24}** Additionally, in this instance we are convinced that despite any inaccuracy in the PSI, the trial court would have sentenced appellant in the same manner in which he was. This is because based on our review of the sentencing transcript the trial court supported its 10-year incarceration sanction with a finding that an attack on a 77-year old "defenseless person" is such a deplorable act that it warrants being classified as "the worst form of the offense[.]" As a result of that classification, the court stated that the

9.

"maximum sentence" was appropriate; although the court did not actually impose the maximum sentence.

{¶ 25} Accordingly, the second potential assigned error is without merit.

**Potential Assignment of Error No. 3**

{¶ 26} Counsel argues that appellant may have received ineffective assistance from his trial counsel because trial counsel unduly pressured appellant to enter into a plea, and incorrectly promised appellant certain sentencing results.

{¶ 27} The standard for determining whether trial counsel was ineffective requires appellant to show: (1) trial counsel made errors so egregious that counsel was not functioning as guaranteed under the Sixth Amendment, and (2) that the deficient performance prejudiced appellant's defense. *State v. Moctezuma*, 6th Dist. Lucas No. L-04-1347, 2005-Ohio-5569, ¶ 23, *overruled on other grounds under State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470; *Strickland v. Washington*, 466 U.S. 668, 686-687, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984). "In essence, appellant must show that his trial, due to his attorney's ineffectiveness, was so demonstrably unfair that there is a reasonable probability that the result would have been different absent his attorney's deficient performance." *Moctezuma*, citing *Strickland* at 693.

{¶ 28} Additionally, "a court must be 'highly deferential' and 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" in reviewing a claim of ineffective assistance of counsel. *Moctemzuma* at ¶

10.

23, quoting *Strickland* at 689. "A properly licensed attorney in Ohio is presumed to execute his duties in an ethical and competent manner." *Id.*, citing *State v. Hamblin*, 37 Ohio St.3d 153, 155-56, 524 N.E.2d 476 (1988). "Debatable strategic and tactical decisions may not form the basis of a claim for ineffective assistance of counsel." *Id.*, citing *State v. Phillips*, 74 Ohio St.3d 72, 85, 656 N.E.2d 643 (1995). "Even if the wisdom of an approach is debatable, 'debatable trial tactics' do not constitute ineffective assistance of counsel." *Id.* "Finally, reviewing courts must not use hindsight to second-guess trial strategy, and must bear in mind that different trial counsel will often defend the same case in different manners." *Id.*

{¶ 29} Here, counsel specifically asserts that appellant was pressured into taking the plea based on trial counsel's unsupported prediction that the court would not only deny appellant's pro se motion to merge the aggravated robbery and felonious assault, but also that if appellant was found guilty that the court would sentence appellant to a maximum sentence on both counts and run the sentences consecutively. Counsel further states that appellant's trial counsel promised a sentence in the range of five to seven years if appellant were to accept the plea, but appellant was actually sentenced to 10 years' incarceration.

{¶ 30} First, our review of the transcripts of proceedings and the plea agreement reveals that the court confirmed appellant was not threatened or promised anything with regard to his entering of the plea. The trial court also asked appellant, in open court and

11.

in writing, whether appellant was satisfied with his trial counsel, to which he replied in the affirmative. We find no evidence counsel was otherwise deficient in providing appellant with the necessary information, guidance, and competence. Thus we cannot say that appellant was erroneously, unduly or improperly influenced to enter into his plea agreement.

{¶ 31} Secondly, as we noted in *Moctezuma*, "[t]he decision to accept a plea agreement is undeniably strategic." *Id*. at ¶ 24. In *Moctezuma*, the appellant argued that his trial counsel was ineffective for permitting him to enter into a plea agreement. *Id*. We disagreed, holding that "we cannot second-guess trial counsel's decision to permit appellant to accept the plea that was offered." *Id*.

{¶ 32} Consistent with *Moctezuma*, and even assuming appellant was incorrectly led by counsel's advice and that allowing appellant to enter into the plea was strategically debatable, we cannot say those actions amount to ineffective assistance. There is no argument appellant was improperly addressed by the trial court under Crim.R. 11, and we find no issue with regard to the plea otherwise.

{¶ 33} Accordingly, the third potential assigned error is meritless.

### Potential Assignment of Error No. 4

{¶ 34} Counsel lastly argues that the trial court may have failed to provide appellant with proper notice of his appellate rights. However, we find appellant was

12.

notified regarding his right to appeal, both in open court and according to his sentencing entry.

{¶ 35} More specifically, at the August 24, 2016 sentencing hearing the trial court stated the following when addressing appellant: "Defendant is reminded his limited right to appeal the plea, and his limited right to appeal the sentencing as provided in [R.C.] 2953.08." Further, the corresponding journal entry states "Defendant given notice of appellate rights under R.C. 2953.08." Consequently, we find evidence in the record to support that appellant was notified of his right to appeal.

{¶ 36} Even assuming appellant was not properly notified under Crim.R. 32(B), we yet find this error would be non-prejudicial or moot in this case. *See*, *e.g.*, *State v. Houston*, 6th Dist. Erie No. E-03-059, 2004-Ohio-6462, ¶ 8. This is because appellant was allowed a delayed appeal. We therefore hold that appellant was not prejudiced by the alleged error. Moreover, we note that the issue is moot where appellant was afforded the right to appeal despite not being properly notified. *Id*.

{¶ 37} In sum, we find all the potential assignments of error put forth by counsel are not well-taken. We will now proceed with the *pro se* assigned errors put forth by appellant.

13.

## *Pro Se* Assignment of Error No. 1

{¶ 38} Appellant first asserts that his due process rights were violated because appellee "presented and proffered unproven and inaccurate statements of facts in the plea and sentencing hearing to elicit trial court to impose maximum sentence."

{¶ 39} We note appellant did not object, challenge or seek to withdraw his plea prior to being sentenced. Therefore, appellant must rely on the plain error analysis to now challenge his sentence or plea. *See*, *e.g.*, *State v. Toyloy*, 10th Dist. Franklin No. 14AP-463, 2015-Ohio-1618, ¶ 19.

{¶ 40} Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." To affect a substantial right, the error must be outcome-determinative. *See State v. Amos*, 140 Ohio St.3d 238, 2014-Ohio-3160, 17 N.E.3d 528, ¶ 21-23.

{¶ 41} A similar argument to what appellant is asserting here was raised in *State v. Ellis*, 6th Dist. Lucas No. L-15-1296, 2016-Ohio-8086. In *Ellis*, we held that, despite a claim of innocence, a plea pursuant to *Alford* was properly accepted under Crim.R. 11 as an admission of guilt. *Id*. at ¶ 26. For support we pointed to *State v. Post*, 32 Ohio St.3d 380, 513 N.E.2d 754, where the Supreme Court of Ohio states as follows:

> Appellant relies principally on dicta in *North Carolina v. Alford* * * * wherein the court cautioned that guilty pleas coupled with claims of innocence should not be accepted unless there is a factual basis for the plea.

14.

[N]onetheless, the court in *Alford* found no constitutional bar to accepting a guilty plea in the face of an assertion of innocence provided a defendant voluntarily, knowingly and understandingly consents to sentencing on a charge. *Id.* at 37-38, 56 O.O. 2d at 91. Further, no constitutional error was found in accepting a guilty plea which contained a protestation of innocence, if the defendant intelligently concludes that his interests require entry of a guilty plea and if the record before the court contains strong evidence of guilt. *Id.*

{¶ 42} In this case, we find appellant's written plea demonstrates that appellant was never claiming to be guilty of the crime as stated. The plea states as follows: "By this plea of guilty, I DO NOT admit committing the offense, but I enter this plea only to avoid the risk of conviction on a more serious offense if I went to trial on the original charge and the possibility of a higher penalty as a result." Based on this language and the general intent of appellant as indicated by his *Alford* plea and his subscribing by way of signature, we cannot say there was error committed by the trial court in accepting the plea.

{¶ 43} Accordingly, and based on the authority of *Post* as recognized in *Ellis*, we cannot find merit in this first *pro se* assigned error.

### *Pro Se* Assignment of Error No. 2

**{¶ 44}** Although similarly worded to his first potential assigned error, appellant secondly asserts that his due process rights were violated when "the trial court imposed maximum sentence based on unproven and inaccurate facts proffered by the State and without complying with Ohio's current sentencing requirements."

**{¶ 45}** We review felony sentences under a two-prong approach. R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, modify, or vacate and remand a disputed sentence if it clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant; or

> (b) That the sentence is otherwise contrary to law.

*See State v. Behrendt*, 6th Dist. Lucas No. L-15-1135, 2016-Ohio-969, ¶ 6; *see also State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23.

**{¶ 46}** A sentence is not contrary to law where the trial court considers the purposes and principles of sentencing under R.C. 2929.11 along with the seriousness and recidivism factors under R.C. 2929.12, and imposes a sentence within the statutory range. *See*, *e.g.*, *State v. Craig*, 6th Dist. Wood No. WD-14-061, 2015-Ohio-1479, ¶ 9.

16.

{¶ 47} Pursuant to R.C. 2929.14(A)(1), the statutory sentencing range for a first-degree felony is between 3 and 11 years.

{¶ 48} Here, appellant was sentenced to a prison term of 10 years for his aggravated robbery conviction. This term is within the permissible range. *See* R.C. 2929.14(A)(1).

{¶ 49} R.C. 2929.11(A) provides, in relevant part: "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes * * *." In order to comply with R.C. 2929.11, a trial court must impose a sentence that is "reasonably calculated to achieve the two overriding purposes of felony sentencing * * * commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." *See* R.C. 2929.11(B).

{¶ 50} In carrying out its obligations to impose a sentence consistent with the purposes and principles of sentencing, the trial court must weigh the factors indicating that the offender's conduct is more serious than conduct normally constituting the offense under R.C. 2929.12(B) against those factors indicating that the offender's conduct is less serious than conduct normally constituting the offense under R.C. 2929.12(C). Further, the court must weigh the factors contained in R.C. 2929.12(D) indicating the likelihood

17.

that the offender will commit future crimes against the factors contained in R.C. 2929.12(E) indicating that the offender is not likely to commit future crimes.

{¶ 51} We further note that a sentencing court is not required to use any specific language or make specific findings to demonstrate that it considered the applicable sentencing criteria. *See State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000); *State v. Thebeau*, 6th Dist. Ottawa No. OT-14-017, 2014-Ohio-5598, ¶ 16.

{¶ 52} Here, the trial court stated in open court that it considered R.C. 2929.11 and 2929.12, as follows: "[t]he court has considered the record, oral statement, victim impact statement, and presentence investigation as prepared as well as the principles and purposes of sentencing under 2929.11. Court has also balanced the seriousness and recidivism factors under 2929.12." Further, the sentencing entry states: "[t]he Court has considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness, recidivism and other relevant factors under R.C. 2929.12."

{¶ 53} Therefore, in light of the statements at the hearing, as well as the language contained in the sentencing entry, we conclude that the trial court complied with its obligations under R.C. 2929.11 and 2929.12.

{¶ 54} Lastly, we find the sentence imposed was supported in the record.

18.

{¶ 55} R.C. 2911.01(A)(3) provides that "[n]o person, in attempting or committing a theft offense * * * or in fleeing immediately after the attempt or offense, shall * * * [i]nflict, or attempt to inflict, serious physical harm on another."

{¶ 56} Here, and as noted above, the record reveals appellant admitted through his own and his counsel's statements that he was remorseful for committing the theft and inflicting serious physical harm on the victim. He confirmed that his acts were due to his addiction to heroin. The trial court responded to appellant and his statements, stating that based on the court's interpretation and observations, appellant appeared to understand and agree that he committed the "worse form of the offense," and hence that the maximum term was appropriate. Based on our review of the entire record, we cannot say the trial court erred in its discretionary determinations.

{¶ 57} Factoring in the above statements, findings, and expressed considerations, we hold the record supports the imposed sentence and that the imposed sentence is not contrary to law. Accordingly, we find no merit in this second *pro se* assigned error.

### Our Examination

{¶ 58} Last is our examination of the record to determine whether this appeal is indeed meritless. *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493. Review of the record does not reveal any errors by the trial court which would justify a reversal of the judgment. We thus find this appeal to be meritless, and counsel's request to withdraw is found well-taken and is granted.

19.

## Conclusion

**{¶ 59}** The judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. The clerk is ordered to serve all parties with notice of this decision.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.

_____
JUDGE

Thomas J. Osowik, J.

_____
JUDGE

Christine E. Mayle, P.J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.